HUGUS, AUDITOR, ET AL., APPELLANTS, *v.* BOARD OF TAX APPEALS, APPELLEE.

[Cite as Hugus v. Board of Tax Appeals (1972), 30 Ohio St. 2d 237.]

(No. 72-41—Decided June 14, 1972.)

*Messrs. Curey, Kelb & Hewes, Mr. George R. Hewes* and *Mr. Richard J. Rinebolt,* prosecuting attorney, for appellants.

*Mr. William J. Brown,* attorney general, *Mrs. Maryann B. Gall* and *Mr. Richard L. Ferris,* for appellee.

*Per Curiam.* As required by R. C. 5715.23, the Auditor of Hancock County made out and transmitted to the Board of Tax Appeals an abstract for the year 1971 of the real property of that county setting forth the aggregate amount and valuation of each class of real property in that county.

In accordance with the authority vested in it by R. C. 5715.27 and 5715.25, the board disapproved the 1971 abstract of Hancock County and ordered "such changes and modifications as are necessary to restore assessed values of agriculture, industrial and commercial property to the level existing prior to the action of the Hancock County Board of Revision on September 22, 1971 * * *." In addition, the order directed a reappraisal and reassessment of all real property in the county by June 10, 1974.

Thereupon, instead of complying with that order and submitting an adjusted abstract of real property, as required by R. C. 5715.26, the auditor filed notice of appeal

to this court. The Board of Revision of Hancock County was also named as a party appellant.

The Board of Tax Appeals has filed a motion to dismiss the appeal on the basis that such appeal is not authorized by law.

Regardless of whether any particular order or ruling of the Board of Tax Appeals might be considered as "administrative" or "quasi-judicial" in scope, the only authority to *appeal* from any such order or ruling directly to this court is that contained in R. C. 5717.04. That statute authorizes such an appeal as to three types of decisions of the Board of Tax Appeals:

(1) Decisions "determining appeals from decisions of county boards of revision";

(2) Decisions "determining appeals from final determinations by the Tax Commissioner"; and

(3) Decisions "upon all other appeals or applications filed with and determined by the board."

The order of the Board of Tax Appeals, pursuant to its authority under R. C. 5715.24 and 5715.25, does not fall within the scope of any of the three types of decisions described in R. C. 5717.04.

A similar appeal from an order of the Board of Tax Appeals disapproving an abstract of real property was attempted by a county auditor in *Carney* v. *Kirwin* (1953), 159 Ohio St. 1, but dismissed by this court, the parties having eventually conceded "that there is no statutory authority for the appeal."

The motion to dismiss the appeal is sustained.

*Appeal dismissed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.